# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANGZHOU QIANMAI ELECTRONIC COMMERCE CO., LTD. d/b/a YNM,<br><br>Plaintiff,<br><br>v.<br><br>BEARABY INC. and SOMNOS, LLC d/b/a BEARABY, LLC,<br><br>Defendants. | Civil Action No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hangzhou Qianmai Electronic Commerce Co., Ltd. d/b/a YNM ("YNM" or "Plaintiff"), by and through its undersigned counsel bring this action against Bearaby Inc. and Somnos, LLC d/b/a Bearaby, LLC (collectively "Defendants"), seeking a declaratory judgment of non-infringement as to each of the following U.S. Patent Nos.: 10,835,708 ("the '708 Patent"), 11,260,199 ("the '199 Patent"), and 11,806,480 ("the '480 Patent") (collectively the "Patents-in-Suit") (copies of the Patents-in-Suit are attached as Exhibits 1 through 3). YNM alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment that the Patents-in-Suit are not infringed pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and for such other relief as the Court deems just and proper.

## THE PARTIES

2. Plaintiff, Hangzhou Qianmai Electronic Commerce Co., Ltd. d/b/a YNM is an Ltd. formed under the laws of China with a place of business at Room 201, Jinsha Century Building, Hangzhou, China 310008.

3. On information and belief, Defendant, Bearaby Inc. ("Bearaby Inc.") is a Delaware corporation with a principal place of business at 500 Delaware Ave, Suite 1 #1960, Wilmington, Delaware 19899. On information and belief, based on assignments for each of the Patents-in-Suit recorded at the United States Patent & Trademark Office (USPTO), Bearaby Inc. is the owner of the Patents-in-Suit. *See* Exhibits 4-6 (true and correct copies of the recorded assignments of each of the Patents-in-Suit).

4. On information and belief, Defendant, Somnos, LLC d/b/a Bearaby, LLC ("Somnos/Bearaby") is a Wyoming corporation doing business in New York with a principal place of business at 90 Church Street, New York, NY 10008. On information and belief, Somnos/Bearaby manufactures and sells hand-knit weighted blankets under the Bearaby brand. Additionally, on information and belief, Somnos/Bearaby acts as the patent owner of at least the '480 Patent (*see* Exhibit 7), although there is no indication of a recorded assignment with the USPTO giving ownership to Somnos/Bearaby.

**BACKGROUND**

5. YNM, owned by Hangzhou Qianmai Electronic Commerce Co., stands for "You and Me" (*i.e.*, "You 'N Me") and sells a variety of products including blankets, covers, and sheets.

6. More specifically, YNM sells a variety of products online, including various colors, sizes, and weights of weighted blankets (collectively, "YNM's Weighted Blankets") through its own website, at Walmart, and on Amazon.com ("Amazon"). *See, e.g.,* https://ynmhome.com/, www.walmart.com/weightedblanketsYNM/YnJhbmQ6WU5N, and https://www.amazon.com/stores/page/377E6A0B-9DF9-4DD4-A2E3-DE4DE168525A, respectively.

7. On March 26, 2024, YNM received a notice from Amazon that some of YNM's Weighted Blankets (identified by various Amazon Seller Identification Numbers (ASINs)) were

being removed from the Amazon marketplace because a "rights owner" named "Bearaby"[1] had identified those products as likely infringing the '480 Patent. *See* Exhibit 8 (true and correct copy of the notice email from Amazon to "Bearaby" on March 26, 2024). In the notice, Amazon suggested that YNM attempt to resolve the dispute directly with the rights owner. *Id.*

8. After receiving this notice, in efforts to resolve the dispute directly, YNM reached out to Bearaby through the contact information Amazon provided. *See* Exhibit 9 (true and correct copy of YNM email sent to Bearaby on March 26, 2024).

9. Bearaby's counsel responded to YNM's email on April 2, 2024, and informed YNM of Bearaby's ownership of not only the '480 Patent that was asserted on Amazon, but also the '708 and '199 Patents, both of which are related to and involve overlapping subject matter with the '480 Patent. *See* Exhibit 10 (true and correct copy of the response email on April 2, 2024).

10. Between April 10 and May 23, 2024, YNM received seven other notices from Amazon stating that various additional YNM Weighted Blankets would be removed from Amazon's marketplace because Bearaby had identified those products as likely infringing the '480 Patent. *See* Exhibit 11 (true and correct copies of Amazon notices to YNM between April 10 and May 23, 2024). The products identified were structurally identical and/or not materially different from the products identified in Amazon's first notice to YNM dated March 26, 2024.

11. On May 8, 2024, YNM, through its counsel, submitted an affidavit of non-infringement to Amazon, stating that the products identified in Amazon's first notice to YNM do not infringe the '480 Patent. *See* Exhibit 12 (true and correct copy of the non-infringement affidavit from May 8, 2024).

---

[1] It is unclear from this correspondence whether "Bearaby" refers to Defendant Bearaby Inc., Defendant Somnos/Bearaby, or both. For purposes of these allegations, "Bearaby" means Defendant Bearaby Inc., Defendant Somnos/Bearaby, or both.

12. On June 6, 2024, YNM, through its counsel, submitted a second letter to Amazon along with an affidavit of non-infringement listing the rest of the accused products Bearaby had accused of infringing the '480 Patent as identified in the various Amazon notices to YNM between April 10 and May 23, 2024. *See* Exhibit 13 (true and correct copy of the letter to Amazon and the attached non-infringement affidavit from June 6, 2024).

13. After YNM provided Amazon with details regarding non-infringement, Amazon reinstated the products and allowed YNM to continue selling its products through its Amazon webstore.

14. On July 12, 2024, YNM, through its counsel, sent another letter to Bearaby detailing its non-infringement position and stating that "[a]ny further attempt to baselessly interfere with [YNM's] business… will not be tolerated." *See* Exhibit 14 (true and correct copy of YNM letter to Bearaby dated July 12, 2024).

15. On August 1, 2024, Defendant Somnos/Bearaby sought to remove certain additional YNM Weighted Blankets from Amazon's marketplace (ASINs B09M83W1PY and B0C2GXY7VF) by asserting the '480 Patent against YNM through Amazon's Patent Evaluation Express ("APEX") program. Specifically, YNM received notice from Amazon via email, with an attachment entitled "Amazon Patent Evaluation Express Agreement" ("APEX Agreement") stating that "[Amazon] received a report from a patent owner who believes the items listed… infringe their U.S. Patent No. 11,806,480." *See* Exhibit 15 (true and correct copy of an email to YNM from Amazon).

16. Defendant Somnos/Bearaby signed the APEX Agreement as the patent owner, and in the agreement accused ASINs B09M83W1PY and B0C2GXY7VF of likely infringing claim 1

of the '480 Patent. By submitting this document, Defendant Somnos/Bearaby initiated enforcement procedures for the '480 Patent.

## JURISDICTION AND VENUE

17. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, 28 U.S.C. §§ 1331 and 1338, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

18. Defendants are subject to personal jurisdiction in Delaware because they have transacted business in the District by selling, offering to sell, or distributing their products in the District through its various retail and internet stores. Specifically, Bearaby Inc., the assignee of record of the Patents-in-Suit, is incorporated in Delaware and has its principal place of business at 500 Delaware Ave, Ste 1 #1960, Wilmington, DE 19899 and, accordingly, is within the jurisdiction of this District. Additionally, on information and belief, Somnos/Bearaby manufactures and sells hand-knit weighted blankets under the Bearaby brand and specifically sells such products in this District and, therefore, is also subject to jurisdiction in this District. *See* Exhibit 16 (true and correct copy of receipt of purchase of Somnos/Bearaby product purchased at the Nordstrom Christiana Mall in Delaware).

19. Venue is proper in this District pursuant to the general federal venue statute, 28 U.S.C. § 1391(c) and under the specific venue provision relation to patent infringement cases, 28 U.S.C. §1400(b). For example, Bearaby, Inc. is incorporated in and has its principal place of business at 500 Delaware Ave, Ste 1 #1960, Wilmington, DE 19899 and thus is subject to venue in this District. Additionally, on information and belief, Somnos/Bearaby manufactures and sells hand-knit weighted blankets under the Bearaby brand and specifically sells such products in this District. These weighted blankets can be bought in this District either via internet stores such as

Amazon or at retail stores such as and including Nordstrom, as explained in the previous paragraph. By transacting business in the District, Somnos/Bearaby is subject to venue in this District.

### THE '708 PATENT

20. The '708 Patent is titled "Layered Yarn and Weighted Blanked for Deep Pressure Therapy." The '708 patent issued on November 17, 2020, to named inventor Kathrin Hamm and is assigned to Defendant, Bearaby Inc., according to USPTO records. *See* Exhibits 1 (true and correct copy of the '708 Patent) and 4 (true and correct copy of the '708 Patent's recorded assignment).

### THE '199 PATENT

21. The '199 Patent is titled "Layered Yarn and Weighted Blanked for Deep Pressure Therapy." The '199 patent issued on March 1, 2022, to named inventor Kathrin Hamm and is assigned to Defendant, Bearaby Inc., according to USPTO records. *See* Exhibits 2 (true and correct copy of the '199 Patent) and 5 (true and correct copy of the '199 Patent's recorded assignment).

### THE '480 PATENT

22. The '480 Patent is titled "Layered Yarn and Weighted Blanked for Deep Pressure Therapy." The '480 patent issued on November 7, 2023, to named inventor Kathrin Hamm and is recorded with the USPTO as being assigned to Defendant, Bearaby Inc. *See* Exhibits 3 (true and correct copy of the '480 Patent) and 6 (true and correct copy of the '480 Patent's recorded assignment). Additionally, Defendant Somnos/Bearaby has asserted the '480 Patent in an Amazon proceeding and thereby held itself out as the patent owner of the '480 Patent. *See* Exhibit 7 (true and correct copy of APEX Agreement showing Somnos/Bearaby asserting the '480 Patent).

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '708 PATENT**

23. YNM restates and re-alleges each of the allegations of all preceding paragraphs as if fully set forth here.

24. YNM has not infringed and does not infringe any claim of the '708 Patent directly or indirectly, either literally or under the doctrine of equivalents.

25. The '708 Patent has four independent claims (claims 1, 12, 17, and 22) that include similar features to one another.

26. Independent claim 1 of the '708 Patent recites:

> 1. A deep pressure therapy blanket, comprising a piece of weighted material, the piece of weighted material comprising:
>
> a length of layered yarn having loops that are interlooped to form the piece of weighted material, wherein the length of layered yarn comprises:
>
> an outer tube extending longitudinally from a first end to a second end, the outer tube defining a conduit extending longitudinally therethrough from the first end to the second end, and the outer tube forming the loops that are interlooped; and
>
> a plurality of inner layers of material disposed within the conduit of the outer tube and extending longitudinally from the first end to the second end,
>
> wherein the length of layered yarn, by itself, is configured and sufficiently weighted to effectuate deep pressure therapy to a person when the deep pressure therapy blanket lies over a person's body.

27. None of YNM's products include every claimed feature of any independent claim in the '708 patent. YNM's Weighted Blankets, for example, do not include, among other things, the claimed limitations of "a plurality of inner layers of material disposed within the conduit of the outer tube and extending longitudinally from the first end to the second end," or "wherein the

7

length of layered yarn, by itself, is configured and sufficiently weighted to effectuate deep pressure therapy to a person when the deep pressure therapy blanket lies over a person's body." YNM does not practice other claim limitations in claims 1-23 of the '708 Patent. YNM therefore has not infringed and does not infringe, directly or indirectly, any claim of the '708 Patent.

28. For at least these reasons, none of YNM's blanket products, including at least ASINs B09M83W1PY, B0C2GXY7VF, B08TZYHZ8K, B092HMXTB5, B0C2H1PQS9, and B0BB2H68TT, infringe the '708 Patent.

29. An actual and justiciable controversy exists between YNM and Defendants as to YNM's non-infringement of the '708 Patent due to the various Amazon enforcement activities initiated by Defendants Bearaby Inc. and/or Somnos/Bearaby. "Bearaby" (which, on information and belief, includes Bearaby Inc., Somnos/Bearaby, or both) identified the '708 Patent as one of its patents in its correspondence to YNM and it is in the same family of patents as and has overlapping subject matter with the '480 Patent that Somnos/Bearaby asserted on Amazon. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of noninfringement, Defendants will continue to wrongfully assert their patents and thereby cause YNM irreparable injury and harm.

30. Accordingly, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, YNM is entitled to a declaratory judgment that it does not infringe and has not infringed the '708 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT II
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '199 PATENT

31. YNM repeats and realleges the allegations of all preceding paragraphs as if fully set forth here.

32. YNM has not infringed and does not infringe any claim of the '199 Patent directly or indirectly, either literally or under the doctrine of equivalents.

33. The '199 Patent has two independent claims (claims 1 and 14) that include similar features to one another.

34. Independent claim 1 of the '199 Patent recites:

> 1. A deep pressure therapy blanket comprising a weighted material, the weighted material comprising:
>
> a length of layered yarn arranged to form loops that are interlooped to form the weighted material, wherein the length of layered yarn comprises:
>
> an outer tube extending longitudinally from a first end to a second end, the outer tube defining a conduit extending longitudinally therethrough from the first end to the second end, and the outer tube arranged to form the loops that are interlooped; and
>
> a fiber material arranged within the conduit of the outer tube longitudinally from the first end to the second end,
>
> wherein the length of layered yarn is sufficiently weighted by the outer tube and the fiber material to effectuate deep pressure therapy to a person when the deep pressure therapy blanket lies over a person's body.

35. None of YNM's products include every claimed feature of any independent claim in the '199 patent. YNM's Weighted Blankets, for example, do not include, among other things, the claimed limitations of "a deep pressure therapy blanket," or "wherein the length of layered yarn is sufficiently weighted by the outer tube and the fiber material to effectuate deep pressure therapy to a person when the deep pressure therapy blanket lies over a person's body." YNM does not practice other claim limitations in claims 1-20 of the '199 Patent. YNM therefore has not infringed and does not infringe, directly or indirectly, any claim of the '199 Patent.

36. For at least these reasons, none of YNM's blanket products, including at least ASINs B09M83W1PY, B0C2GXY7VF, B08TZYHZ8K, B092HMXTB5, B0C2H1PQS9, and B0BB2H68TT, infringe the '199 Patent.

37. An actual and justiciable controversy exists between YNM and Defendants as to YNM's non-infringement of the '199 Patent due to the various Amazon enforcement activities initiated by Defendants Bearaby Inc. and/or Somnos/Bearaby. "Bearaby" (which, on information and belief, includes Bearaby Inc., Somnos/Bearaby, or both) identified the '199 Patent as one of its patents in its correspondence to YNM and it is in the same family of patents as and has overlapping subject matter with the '480 Patent that Somnos/Bearaby asserted on Amazon. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of noninfringement, Defendants will continue to wrongfully assert their patents and thereby cause YNM irreparable injury and harm.

38. Accordingly, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, YNM is entitled to a declaratory judgment that it does not infringe and has not infringed the '199 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

### COUNT III
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '480 PATENT

39. YNM repeats and realleges the allegations of all preceding paragraphs as if fully set forth here.

40. YNM has not infringed and does not infringe any claim of the '480 Patent directly or indirectly, either literally or under the doctrine of equivalents.

41. The '480 Patent has three independent claims (claims 1, 25, and 27) that include similar features to one another.

42. Independent claim 1 of the '480 Patent recites:

> 1. A blanket weighted to effectuate deep pressure therapy to an individual when the blanket lies over the individual, the blanket formed of a single layer of interlooped yarn, wherein the yarn comprises:
>
> an outer tube extending longitudinally from a first end to a second end, wherein the outer tube is formed of a sheet of fabric and defines a conduit extending longitudinally through the outer tube, wherein the conduit comprises a volume; and
>
> a filling arranged within the conduit of the outer tube,
>
> wherein the blanket has a weight between 5 pounds and 45 pounds, inclusive.

43. None of YNM's products include every claimed feature of any independent claim in the '480 patent. YNM's Weighted Blankets, for example, do not include, among other things, the claimed limitations of "[a] blanket weighted to effectuate deep pressure therapy to an individual when the blanket lies over the individual, the blanket formed of a single layer of interlooped yarn…." YNM does not practice other claim limitations in claims 1-28 of the '480 Patent. YNM therefore has not infringed and does not infringe, directly or indirectly, any claim of the '480 Patent.

44. For at least these reasons, none of YNM's blanket products, including at least ASINs B09M83W1PY, B0C2GXY7VF, B08TZYHZ8K, B092HMXTB5, B0C2H1PQS9, and B0BB2H68TT, infringe the '480 Patent.

45. An actual and justiciable controversy exists between YNM and Defendants as to YNM's non-infringement of the '480 Patent due to the various Amazon enforcement activities initiated by Defendants Bearaby Inc. and/or Somnos/Bearaby, including "Bearaby's" (which, on information and belief, includes Bearaby Inc., Somnos/Bearaby, or both) repeated requests to remove YNM Weighted Blankets from Amazon's marketplace under accusations of alleged infringement of the '480 Patent, and Somnos/Bearaby's initiation of an APEX proceeding in which

Somnos/Bearaby has accused YNM of infringing the '480 Patent. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of noninfringement, Defendants will continue to wrongfully assert their patents and thereby cause YNM irreparable injury and harm.

46. Accordingly, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, YNM is entitled to a declaratory judgment that it does not infringe and has not infringed the '480 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

## JURY DEMAND

47. YNM hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, YNM respectfully requests that judgment be entered in its favor and grant the following relief:

A. Entry of judgment in favor of YNM against Defendants on all counts;

B. A declaratory judgment that YNM does not infringe the '708 Patent;

C. A declaratory judgment that YNM does not infringe the '199 Patent;

D. A declaratory judgment that YNM does not infringe the '480 Patent;

E. An order declaring that this is an exceptional case, and awarding YNM its costs and reasonable attorney fees under 35 U.S.C. § 285; and

F. Such other and further relief as this Court may deem just and proper.

Dated:  August 20, 2024

OF COUNSEL:

Tammy J. Terry
Califf T. Cooper
Lisa E. Margonis
Gopal R. Gannamraj
Peter C. Schechter
Han-Mei Tso
**OSHA BERGMAN WATANABE & BURTON LLP**
1100 Louisiana Street, Suite 4900
Houston, TX 77002
(713) 228-8600
terry@obwb.com
margonis@obwb.com
cooper@obwb.com
gannamraj@obwb.com
schechter@obwb.com
tso@obwb.com
OBWB-YNM-Bearaby@obwb.com

**CHIPMAN BROWN CICERO & COLE, LLP**

 /s/ *Gregory E. Stuhlman*
Paul D. Brown (#3903)
Gregory E. Stuhlman (#4765)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
brown@chipmanbrown.com
stuhlman@chipmanbrown.com

*Attorneys for Plaintiff*

4862-7669-7050, v. 2