## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANGZHOU QIANMAI ELECTRONIC COMMERCE CO., LTD. d/b/a YNM,<br><br>      Plaintiff,<br><br>v.<br><br>BEARABY INC. and SOMNOS, LLC d/b/a BEARABY, LLC,<br><br>      Defendants. | Civil Action No. 1:24-cv-00958-CFC<br><br><br><br>**BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS** |

# TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ................1

SUMMARY OF ARGUMENT ....................................................................1

STATEMENT OF FACTS ........................................................................1

ARGUMENT .........................................................................................3

    I.    Count I of YNM's Complaint Does Not Present An "Actual Controversy" Sufficient To Establish Subject Matter Jurisdiction For YNM's Declaratory Judgment Claim. ........................................3

CONCLUSION ......................................................................................9

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Albecker v. Contour Prod., Inc.*, No. 09 C 00631, 2013 WL 5423843 (N.D. Ill. Sept. 27, 2013) ...............................................................................................5, 6

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013) ..........6

*Ass'n for Molecular Pathology v. U.S. Patent and Trademark Office*, 689 F.3d 1303 (Fed. Cir. 2012) .............................................................................................5

*Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, No. CIV. 08-832-GPM, 2009 WL 2431993 (S.D. Ill. July 31, 2009) ............................................................6

*Const. Party of Pa. v. Aichele*, 757 F.3d 347 (3d Cir. 2014) ....................................1

*Dow Corning Compound Semiconductor Sols., LLC v. Cree, Inc.*, No. 11-14255, 2013 WL 993701 (E.D. Mich. Mar. 13, 2013) ........................................7

*GoDaddy.com, LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2014 WL 6908520 (D. Ariz. Dec. 9, 2014) ............................................................7

*Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358 (Fed. Cir. 2009). .................5

*Kopp Dev., Inc. v. Metrasens, Inc.*, No. 1:21-CV-01216-PAB, 2022 WL 614776 (N.D. Ohio Feb. 28, 2022)...........................................................................6

*Kramer Am., Inc. v. MacNeil IP, LLC*, No. 6:11-CV-1489-ORL-31, 2012 WL 366945 (M.D. Fla. Feb. 3, 2012) ............................................................7

*Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) .......................................4

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)...................................3, 4

*Merch. Techs., Inc. v. Vanguard Prod. Grp., Inc.*, No. 3:11-CV-01354-ST, 2012 WL 2192301 (D. Or. Apr. 16, 2012) ..............................................................4

*Microsoft Corp. v. SynKloud Techs., LLC*, 484 F. Supp. 3d 171 (D. Del. 2020)........8

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350 (Fed. Cir. 2013) ......................................................................................................4

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) ..............5

*ShenZhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*, No. 21CV1393-GPC(RBB), 2021 WL 5234422 (S.D. Cal. Nov. 10, 2021) ....................................5

*W.L. Gore & Assocs., Inc. v. AGA Med. Corp.*, No. CIV. 11-539 JBS-KMW, 2012 WL 924978 (D. Del. Mar. 19, 2012) .................................................................4, 8

## **Statutes**

28 U.S.C. § 2201 .............................................................................................3, 5

U.S. Const. Art. III ......................................................................................... 3, 4, 5

iv

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

The instant Partial Motion to Dismiss is filed in response to the Complaint for Declaratory Judgment ("Complaint") filed by Plaintiff Hangzhou Qianmai Electronic Commerce Co., Ltd. ("YNM") pursuant to Federal Rule of Civil Procedure 12(b)(1).

## SUMMARY OF ARGUMENT

1.    Count I of YNM's Complaint does not present a case or controversy sufficient to establish subject-matter jurisdiction, because Defendants have not accused YNM of infringing U.S. Patent No. 10,835,708 (the '708 Patent).

## STATEMENT OF FACTS[1]

On November 17, 2020, the U.S. Patent and Trademark Office ("PTO") issued the '708 Patent, titled "Layered Yarn and Weighted Blanket for Deep Pressure Therapy." (D.I. 1, Compl. ¶ 20.) The '708 Patent was issued to named inventor Kathrin Hamm and was assigned to Defendant Bearaby, Inc. ("Bearaby"). (D.I. 1, Compl. ¶ 20.) Defendant Somnos, LLC ("Somnos") sells hand-knit weighted blankets under the Bearaby brand. (D.I. 1, Compl. ¶ 4.)

Plaintiff YNM sells knitted weighted blankets under the YNM brand. (D.I. 1, Compl. ¶¶ 5-6.) YNM sells its products through, among other channels, Amazon.com.

---

[1]    For purposes of this motion, Defendants assume as true the facts alleged in YNM's complaint. *See, e.g.*, *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (articulating the standard for a facial attack upon subject matter jurisdiction).

1

(D.I. 1, Compl. ¶ 5.)

On March 26, 2024, YNM received a notification from Amazon that Somnos[2] had identified certain products sold by YNM as infringing U.S. Patent No. 11,806,480 (the "'480 Patent"). (D.I. 1, Compl. ¶ 7.) YNM received additional notices from Amazon between April 10, 2024, and August 1, 2024, stating that Somnos had identified other YNM products as infringing the '480 Patent. (D.I. 1, Compl. ¶ 10.) Following receipt of its first notice, representatives of YNM contacted counsel for Defendants, who responded via email on April 2, 2024. (D.I. 1, Compl. ¶ 9.) The referenced email is attached to YNM's Complaint as Exhibit 10. (D.I. 1-1 at 73-74, Ex. 10 to Compl.) In that email, counsel for Defendants wrote, "Bearaby designs, manufactures, and sells distinctive and well-known knitted weighted blankets, among other products. The innovation of these knitted weighted blankets has been confirmed by the United States Patent & Trademark Office, which has awarded Bearaby U.S. Patent No. 10,835,708, U.S. Patent No. 11,260,199, and U.S. Pat. No. 11,806,480." (D.I. 1-1 at 73, Ex. 10 to Compl.) Nowhere else does this email reference the '708 Patent. (D.I. 1-1 at 73, Ex. 10 to Compl.)

---

[2]    Somnos does business as "Bearaby," and Somnos (d/b/a "Bearaby")—rather than Bearaby, Inc.—was the party engaged in identifying YNM products that infringe the '480 Patent through Amazon's internal dispute resolution procedures. (*See* D.I. 1-1 at 64, Compl. Ex. 7 at 2 (Amazon form listing Somnos as the party enforcing the '480 Patent).)

YNM does not allege that either Defendant has ever asserted that any YNM product has infringed the '708 Patent. YNM does not allege that any Defendant has asserted that any YNM product infringes any of Defendants' patents other than Somnos' allegations regarding the '480 Patent made via Amazon's internal dispute resolution procedures. YNM does not allege that either Defendant has ever *mentioned* the '708 Patent in connection with YNM other than the single reference contained within the email attached as Exhibit 10 to its Complaint. YNM also attaches to its Complaint as Exhibit 14 a letter from its counsel to counsel for Defendants articulating a non-infringement argument as to the '480 Patent, but no analogous correspondence relating to the '708 Patent. (*See* D.I. 1-1 at 159-161, Ex. 14 to Compl.) YNM alleges that "[Defendants] ha[ve] initiated enforcement procedures for the '480 Patent." (D.I. 1, Compl. ¶ 16.) YNM's Complaint does not allege that Defendants have initiated enforcement procedures as to the '780 Patent against YNM.

## ARGUMENT

I.    **Count I of YNM's Complaint Does Not Present An "Actual Controversy" Sufficient To Establish Subject Matter Jurisdiction For YNM's Declaratory Judgment Claim.**

Both Article III of the U.S. Constitution and the federal Declaratory Judgment Act, 28 U.S.C. § 2201, limit declaratory judgment actions to those presenting an "actual controversy." *E.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). An "actual controversy" is present when "the facts alleged, under all the

3

circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The party seeking a declaratory judgment bears the burden to establish an actual controversy. *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1354-55 (Fed. Cir. 2013).[3] "Whether a case or controversy exists which confers subject matter jurisdiction over patent cases must be assessed on a claim-by-claim basis." *Merch. Techs., Inc. v. Vanguard Prod. Grp., Inc.*, No. 3:11-CV-01354-ST, 2012 WL 2192301, at *4 (D. Or. Apr. 16, 2012), *report and recommendation adopted*, 2012 WL 2192269 (D. Or. June 13, 2012).

The actual controversy requirement requires a declaratory-judgment plaintiff "demonstrate" that there is a "substantial risk" of suit by the declaratory-judgment defendant, which "may prompt [the plaintiff] to reasonably incur costs to mitigate or avoid that harm." *Id.* at 1355 (quotations omitted). In the patent context, a declaratory-judgment plaintiff who is not the patentee may satisfy Article III's case-or-controversy requirement where "the patentee 'asserts rights under a patent based on planned or

---

[3]    In assessing whether an actual controversy has arisen sufficient to establish subject-matter jurisdiction over a claim for a declaratory judgment of non-infringement, this Court looks to the law of the United States Court of Appeals for the Federal Circuit. *W.L. Gore & Assocs., Inc. v. AGA Med. Corp.*, No. CIV. 11-539 JBS-KMW, 2012 WL 924978, at *4 (D. Del. Mar. 19, 2012).

4

certain identified ongoing or planned activity of another party.'" *Albecker v. Contour Prod., Inc.*, No. 09 C 00631, 2013 WL 5423843, at *8 (N.D. Ill. Sept. 27, 2013) (quoting *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). "[D]eclaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *SanDisk*, 480 F.3d at 1380–81. "[A] communication from a patent owner to another party, merely identifying its patent and the other party's product line, without more, cannot establish adverse legal interests between the parties, let alone the existence of a 'definite and concrete' dispute." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009).

Count I of YNM's Complaint seeks a declaratory judgment that none of YNM's products infringe the '708 Patent. This claim, however, does not present an "actual controversy" under Article III or the Declaratory Judgment Act.

Even assuming the facts alleged within YNM's complaint to be true, YNM has not plausibly alleged facts that would demonstrate "an affirmative act by the patentee related to the enforcement of his patent rights" as to the '708 Patent. *See ShenZhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*, No. 21CV1393-GPC(RBB), 2021 WL 5234422, at *3 (S.D. Cal. Nov. 10, 2021) (quoting *Ass'n for Molecular Pathology v. U.S. Patent and Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), *rev'd on*

*other grounds by Ass'n for Molecular Pathology v. Myriad Genetics*, *Inc.*, 569 U.S. 576 (2013)). YNM does not allege that Defendants have ever sought to enforce the '708 Patent against YNM or have ever asserted that any of YNM's products infringe the '708 Patent.

To the contrary, YNM alleges that Defendants *did* assert infringement of another patent—the '480 Patent—against YNM. A patentee's assertion of one patent against a party does not create an actual controversy as to the patentee's other patents. *See, e.g.*, *Albecker v. Contour Prod., Inc.*, 2013 WL 5423843, at *8 (finding no actual controversy as to another patent, the '545 Patent, where the patentee "alleges only that Contour infringed [the patentee's] '653 Patent"); *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, No. CIV. 08-832-GPM, 2009 WL 2431993, at *3 (S.D. Ill. July 31, 2009) (finding, in situation involving patentee asserting one patent against the declaratory-judgment plaintiff and having *not* asserted other patents, no actual controversy as to the other patents, even where the patentee had "briefly" alleged infringement as to the other patents in the past).

YNM does not allege that Defendants have implied or suggested in prior correspondence that YNM has infringed the '708 Patent. *See Kopp Dev., Inc. v. Metrasens, Inc.*, No. 1:21-CV-01216-PAB, 2022 WL 614776, at *6 (N.D. Ohio Feb. 28, 2022) (dismissing declaratory-judgment patent claims for lack of actual controversy where patentee did not make "veiled threats of infringement litigation").

Simply identifying the existence of a patent within a single letter, without more, does not generate an "actual controversy" regarding non-infringement of that patent. *See, e.g.*, *GoDaddy.com, LLC v. RPost Commc'ns Ltd*., No. CV-14-00126-PHX-JAT, 2014 WL 6908520, at *4 (D. Ariz. Dec. 9, 2014) (finding that pre-suit communication "conspicuously" identifying one patent for "Additional Recommended Review" supported a finding of an actual controversy as to that patent, but that there was no actual controversy as to non-infringement of other patents "listed . . . with no specific attention drawn to them").

In addition, YNM has not alleged that Defendants have referenced or invoked the '708 Patent in any way in connection with a cease-and-desist demand, have offered to license the '708 patent or have refused any license offers from YNM, or have refused to sign (or even *discussed*) a covenant not to sue as to the '708 Patent (or any other patent, for that matter). *Compare, e.g.*, *Dow Corning Compound Semiconductor Sols., LLC v. Cree, Inc.*, No. 11-14255, 2013 WL 993701, at *11 (E.D. Mich. Mar. 13, 2013) (finding no actual controversy where facts regarding back-and-forth negotiation between the parties regarding potential patent licenses did not suggest the patentee was "gearing up for enforcement"), *with Kramer Am., Inc. v. MacNeil IP, LLC*, No. 6:11-CV-1489-ORL-31, 2012 WL 366945, at *3 (M.D. Fla. Feb. 3, 2012) (finding that letter from patentee accusing declaratory judgment plaintiff of potentially infringing "at least one of" the identified patents sufficed to establish subject matter jurisdiction). Nor has

7

YNM alleged that Defendants are engaged in a "litigation campaign" that would support an inference that a definite and concrete dispute exists as to whether YNM infringes the '708 Patent. *See, e.g.*, *Microsoft Corp. v. SynKloud Techs., LLC*, 484 F. Supp. 3d 171, 181 (D. Del. 2020) (rejecting argument that patentee's efforts to enforce patents against other parties created an actual controversy involving the declaratory-judgment plaintiff).

Instead, YNM premises its allegation that an actual controversy exists as to the '708 Patent entirely upon its allegations that (1) Defendants have sought to enforce the '480 Patent, and (2) the '480 Patent is part of the same patent family as the '708 Patent and "has overlapping subject matter." (D.I. 1, Compl. ¶ 29.) These allegations are insufficient. *See, e.g.*, *Microsoft*, 484 F. Supp. 3d at 181 n.3 (noting that patents not identified by the patentee as having been infringed but asserted in a declaratory judgment action "on the theory that they are related to the other . . . patents" as "particularly dubious candidates for a declaratory judgment"); *W.L. Gore & Assocs.*, 2012 WL 924978, at *6 (finding no actual controversy as to a "'552 Patent" where "[t]he record lacks any indication that [the patentee] has ever intimated that claims of the '552 Patent could cover the [plaintiff's product]" and rejecting the plaintiff's argument that an actual controversy exists because the '552 patent "relates to similar technology as [another patent subject to litigation]").

Finally, YNM's conclusory reference to the '708 Patent and the '480 Patent as

having "overlapping subject matter" does not suffice to establish that any attempt by Defendants to enforce the '480 Patent necessarily creates an "actual controversy" as to the '708 Patent. As the materials attached to YNM's Complaint show, the claims in each patent have different scope. Independent claim 1 of the '480 Patent, for example, covers a blanket weighted to effectuate deep pressure therapy formed of a yarn comprising, among other requirements, "a filling arranged within the conduit of the outer tube." (D.I. 1-1 at 48, Ex. 3 to Compl.) By contrast, independent claim 1 of the '708 Patent covers a deep pressure therapy blanket comprising "a piece of weighted material," with the piece of weighted material comprising, among other requirements, "a length of layered yarn," comprising "a plurality of inner layers of material disposed within the conduit of the outer tube" of the layered yarn. (D.I. 1-1 at 15, Ex. 1 to Compl.) On their face, these claims are distinct, and YNM's Complaint contains no factual allegations that would support a conclusion otherwise.

For these reasons, there is no actual controversy as to whether YNM infringes the '708 Patent, and this Court lacks subject matter jurisdiction as to Count I of YNM's Complaint.

## CONCLUSION

Defendants Bearaby, Inc. and Somnos, LLC respectfully request that this Court **grant** this Motion and **dismiss** Count I of the Complaint filed by Plaintiff Hangzhou Qianmai Electronic Commerce Co., Ltd., with prejudice.

9

Dated:  October 17, 2024                    Respectfully submitted,

                                            */s/ Richard C. Weinblatt*
                                            Richard C. Weinblatt (No. 5080)
                                            Stamatios Stamoulis (No. 4606)
                                            STAMOULIS & WEINBLATT LLC
                                            800 N. West Street, Third Floor
                                            Wilmington, DE 19801
                                            T: (302) 999-1540
                                            E: weinblatt@swdelaw.com
                                            E: stamoulis@swdelaw.com

                                            Jeffrey D. Harty (admitted *pro hac vice*)
                                            Lynn C. Herndon (admitted *pro hac vice*)
                                            Matthew A. McGuire (admitted *pro hac vice*)
                                            NYEMASTER GOODE, P.C.
                                            700 Walnut Street, Suite 1300
                                            Des Moines, Iowa 50309
                                            T: (515) 283-3100
                                            F: (515) 283-3108
                                            E: jharty@nyemaster.com
                                            E: lherndon@nyemaster.com
                                            E: mmcguire@nyemaster.com

                                            **ATTORNEYS FOR DEFENDANTS**

10

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing Opposition complies with the Court's standing order dated November 10, 2022 regarding briefing in all cases. This Brief in Support of Defendants' Partial Motion to Dismiss has been prepared using 14-point Times New Roman font and contains 2,202 words, excluding the case caption, table of contents and authorities, signature blocks and certificates.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2024, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080

11