## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANGZHOU QIANMAI ELECTRONIC COMMERCE CO., LTD. d/b/a YNM,<br><br>    Plaintiff/Counterclaim-<br>    Defendant,<br><br>v.<br><br>BEARABY INC. and SOMNOS, LLC,<br><br>    Defendants/Counterclaim-<br>    Plaintiffs. | Civil Action No. 1:24-cv-00958-CFC<br><br><br><br><br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIMS** |

Defendants/Counterclaim-Plaintiffs Bearaby, Inc. ("Bearaby") and Somnos, LLC ("Somnos"), by and through their undersigned counsel, answer and allege as follows in response to Plaintiff's Complaint:

## NATURE OF ACTION

1.     The allegations in Paragraph 1 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that the Complaint arises and seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, but deny that Plaintiff states a meritorious claim for relief, and deny the remainder of the allegations in Paragraph 1.

## **THE PARTIES**

2.      Defendants lack sufficient knowledge and information regarding the allegations in Paragraph 2 and deny the same.

3.      Defendants admit that Bearaby, Inc. is a Delaware corporation. Defendants admit that Bearaby is the owner of the Patents-in-Suit. Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that Somnos, LLC ("Somnos") is a Wyoming corporation doing business in New York with a principal place of business in New York, and manufactures and sells hand-knit weighted blankets under the Bearaby brand. Defendants deny the remaining allegations of Paragraph 4.

## **BACKGROUND**

5.      Defendants lack sufficient knowledge and information regarding the allegations in Paragraph 5 and deny the same.

6.      Defendants lack sufficient knowledge and information regarding the allegations in Paragraph 6 and deny the same.

7.      The document attached to Plaintiff's Complaint as Exhibit 8 is reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants admit that Somnos had identified to

Amazon certain of Plaintiff's weighted blanket products as likely infringing the '480 Patent. To the extent a response to the remaining allegations is deemed required, Defendants deny the remaining allegations.

8.    The document attached to Plaintiff's Complaint as Exhibit 9 is reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants admit that they received a communication from an individual identifying themselves as "YNM Team" on March 26, 2024, stating that "[YNM] knew of this patent years ago." To the extent a response to the remaining allegations is deemed required, Defendants deny the remaining allegations.

9.    The document attached to Plaintiff's Complaint as Exhibit 10 is reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants admit that they corresponded with "YNM Team" on April 2, 2024.  To the extent a response to the remaining allegations is deemed required, Defendants deny the remaining allegations.

10.    The document attached to Plaintiff's Complaint as Exhibit 11 is reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants lack sufficient knowledge and information regarding the allegations in Paragraph 10 and deny the same.

11.    The document attached to Plaintiff's Complaint as Exhibit 12 is reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants lack sufficient knowledge and information regarding the allegations in Paragraph 11 and deny the same.

12.    The document attached to Plaintiff's Complaint as Exhibit 13 is reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants lack sufficient knowledge and information regarding the allegations in Paragraph 12 and deny the same.

13.    Defendants admit that YNM is currently selling its products through Amazon.com. Defendants lack sufficient knowledge and information regarding the remaining allegations in Paragraph 13 and deny the same.

14.    The document attached to Plaintiff's Complaint as Exhibit 14 is reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants admit that counsel for YNM sent a letter to Defendants on July 12, 2024, presenting legal argument. To the extent a response to the remaining allegations is deemed required, Defendants deny the remaining allegations.

15.    The document attached to Plaintiff's Complaint as Exhibit 15 is reduced to a writing that speaks for itself and no further response is required. To

the extent a response is required, Defendants admit that on August 1, 2024 Defendants submitted requests to remove certain product listings from Amazon.com through the Amazon APEX program relating to the '480 Patent. Defendants lack sufficient knowledge and information regarding the remaining allegations in Paragraph 15 and deny the same.

16.    Defendants admit that in correspondence to Amazon.com, Somnos identified products sold under the ASINs B09M83W1PY and B0C2GXY7VF as likely infringing claim 1 of the '480 Patent. The remaining allegations in Paragraph 16 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## JURISDICTION AND VENUE

17.    The allegations in Paragraph 17 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

18.    Defendants admit that Bearaby, Inc. is incorporated in Delaware and that Somnos sells hand-made knitted weighted blankets in this District. The remaining allegations in Paragraph 18 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

19.    Defendants admit that venue is proper in this District of Delaware and that Somnos sells hand-made knitted weighted blankets in this District. The allegations in Paragraph 19 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## THE '708 PATENT

20.    This allegation is the subject of Defendants' Partial Motion to Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants reserve the right to respond to this allegation upon resolution of Defendants' Partial Motion to Dismiss, if and as necessary.

## THE '199 PATENT

21.    Defendants admit that on March 1, 2022, the USPTO issued U.S. Patent No. 11,260,199, titled "Layered Yarn and Weighted Blanket For Deep Pressure Therapy." Defendants admit that the '199 Patent names Kathrin Hamm as the inventor and lists Bearaby as assignee. The documents attached to Plaintiff's Complaint as Exhibit 2 and Exhibit 5 are reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants deny the remaining allegations.

## THE '480 PATENT

22.    Defendants admit that on November 7, 2023, the USPTO issued U.S. Patent No. 11,806,480, titled "Layered Yarn and Weighted Blanket For Deep Pressure Therapy." Defendants admit that the '480 Patent names Kathrin Hamm as the inventor and lists Bearaby as assignee. Defendants admit that Somnos represented to Amazon.com that Somnos was entitled to enforce the '480 patent. The documents attached to Plaintiff's Complaint as Exhibit 3, Exhibit 6, and Exhibit 7 are reduced to a writing that speaks for itself and no further response is required. To the extent a response is required, Defendants deny the remaining allegations.

## COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '708 PATENT

23.    Defendants incorporate by reference their responses to the preceding paragraphs.

24.    This allegation is the subject of Defendants' Partial Motion to Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants reserve the right to respond to this allegation upon resolution of Defendants' Partial Motion to Dismiss, if and as necessary.

25.    This allegation is the subject of Defendants' Partial Motion to Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants

reserve the right to respond to this allegation upon resolution of Defendants'
Partial Motion to Dismiss, if and as necessary.

26.    This allegation is the subject of Defendants' Partial Motion to
Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants
reserve the right to respond to this allegation upon resolution of Defendants'
Partial Motion to Dismiss, if and as necessary.

27.    This allegation is the subject of Defendants' Partial Motion to
Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants
reserve the right to respond to this allegation upon resolution of Defendants'
Partial Motion to Dismiss, if and as necessary.

28.    This allegation is the subject of Defendants' Partial Motion to
Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants
reserve the right to respond to this allegation upon resolution of Defendants'
Partial Motion to Dismiss, if and as necessary.

29.    This allegation is the subject of Defendants' Partial Motion to
Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants
reserve the right to respond to this allegation upon resolution of Defendants'
Partial Motion to Dismiss, if and as necessary.

30.     This allegation is the subject of Defendants' Partial Motion to Dismiss, and no response is required. *See* Fed. R. Civ. P. 12(a)(4). Defendants reserve the right to respond to this allegation upon resolution of Defendants' Partial Motion to Dismiss, if and as necessary.

## COUNT II
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '199 PATENT

31.     Defendants incorporate by reference their responses to the preceding paragraphs.

32.     Denied.

33.     Defendants admit that the '199 Patent has two independent claims (claims 1 and 14). The remaining allegations in Paragraph 33 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations

34.     The '199 Patent is reduced to a writing that speaks for itself. Defendants admit that Paragraph 34 contains the language of claim 1 of the '199 Patent.

35.     Denied.

36.     Denied.

37.    The allegations in Paragraph 37 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

38.    Denied.

## COUNT III
### DECLARATORY JUDGMENT OF THE NON-INFRINGEMENT OF THE '480 PATENT

39.    Defendants incorporate by reference their responses to the preceding paragraphs.

40.    Denied.

41.    Defendants admit that the '480 Patent has three independent claims (claims 1, 25, and 27). The remaining allegations in Paragraph 41 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

42.    The '480 Patent is reduced to a writing that speaks for itself. Defendants admit that Paragraph 42 contains the language of claim 1 of the '480 Patent.

43.    Denied.

44.    Denied.

45.     The allegations in Paragraph 45 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

46.     Denied.

## JURY DEMAND

47.     YNM's demand for a jury trial is not an allegation to which a response is required. To the extent a response is deemed required, Defendants deny the allegations.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendants allege and assert the following defenses in response to the allegations of YNM's claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Defendants specifically reserve all rights to allege additional defenses not enumerated herein, including additional defenses that become known through the course of discovery:

1.     YNM's claims are barred, in whole or in part, for want of an actual case or controversy sufficient to provide this Court with jurisdiction under 28 U.S.C § 1331.

2.      YNM's claims for declaratory relief are barred, in whole or in part, for want of an actual case or controversy sufficient to warrant declaratory relief under 28 U.S.C. § 2201.

3.      YNM's Complaint fails to state a claim upon which relief may be granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants Bearaby Inc. and Somnos, LLC request the following relief:

A.      An order dismissing all claims against Defendants and denying all relief requested by Plaintiff, including monetary, equitable, and declaratory relief;

B.      A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Defendants' reasonable attorneys' fees;

C.      An award of Defendants' costs and expenses; and

D.      All such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs Bearaby, Inc. and Somnos, LLC ("Somnos" and collectively with Bearaby, Inc., "Bearaby" or "Counterclaim-Plaintiffs"), by and through their undersigned counsel, allege as follows:

## INTRODUCTION

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271. Counterclaim-Plaintiffs seek monetary damages, enhanced damages (including treble damages), attorneys' fees, costs, and permanent injunctive relief preventing continuing acts of infringement of Plaintiff/Counterclaim-Defendant Hangszhou Qianmai Electronic Commerce Co., Ltd. d/b/a YNM ("YNM").

2.      Bearaby designs, manufactures, and sells distinctive and well-known knitted weighted blankets, among other products. Bearaby's Napper-brand weighted blankets incorporate a breathable knitted design to provide evenly distributed weight without trapping heat.

3.      Bearaby's designs and manufacturing processes have been widely recognized for their innovative nature. For example, Bearaby's Tree Napper was awarded Fast Company's 2020 Innovation By Design Award in the Home category. *See* Segran, Elizabeth, "This weighted blanket will soothe your anxiety

13

(and help the planet)," *Fast Company* (Sept. 30, 2020), *available at* https://www.fastcompany.com/90547626/bearaby-tree-napper-innovation-by-design-2020 (last visited October 17, 2024). Bearaby's innovative weighted blanket products have also received accolades from publications including Wirecutter, Wired, Good Housekeeping, Business Insider, and Forbes—among many others. Bearaby received the #82 rank in the 2022 edition of the *Inc. 5000*.

4.    As a result of Bearaby's success, other companies who manufacture products overseas and sell via largely online channels have begun manufacturing and selling lower-priced, lower-quality knitted weighted blankets that infringe upon patents obtained by Bearaby covering the novel and innovative aspects of its design and manufacturing processes.

5.    Plaintiff/Counterclaim-Defendant YNM is one such company. YNM, who admits it knew of Bearaby's intellectual property "years ago," manufactures lower-priced, lower quality knitted weighted blankets overseas and sells its products to U.S. consumers via online channels, including Amazon.com. YNM touts its purported "innovative breathable weaving technique" to U.S. consumers—which, in reality, relates to Bearaby's patented technology.

6.    Bearaby, therefore, asserts these Counterclaims to obtain redress for YNM's infringement of Bearaby's patent rights.

## THE PARTIES

7.    Bearaby, Inc. is a Delaware corporation with a registered address at 500 Delaware Ave., Suite 1 #1960, Wilmington, DE 19899.

8.    Somnos LLC is a Wyoming limited liability company with a registered address at 90 Church Street, New York, NY 10008.

9.    Counterclaim-Plaintiffs have, at all relevant times, possessed the right to enforce the patents asserted in these Counterclaims.

10.    On information and belief, including based on allegations by YNM in this matter, YNM is an Ltd. formed under the laws of China with a place of business at Room 201, Jinsha Century Building, Hangzhou, China 310008.

## JURISDICTION AND VENUE

11.    The Court has subject matter jurisdiction by virtue of the fact that this is a civil action under the Patent Act, 35 U.S.C. § 1 *et seq.*  Jurisdiction is thus conferred over these Counterclaims in accordance with 28 U.S.C. §§ 1331 and 1338.

12.    On information and belief, including based on allegations by YNM in this matter, YNM's infringement of the Asserted Patents has occurred and is occurring within the State of Delaware, including within this judicial district.

13.     YNM has consented to jurisdiction within the State of Delaware and venue within this district by filing the instant lawsuit within this district.  Personal jurisdiction within the State of Delaware and venue within this district are thus proper.

14.     On information and belief, including based on allegations by YNM in this matter, a substantial part of the events or omissions giving rise to the Counterclaims occurred within this district.

## THE ASSERTED PATENTS

15.     These Counterclaims concern U.S. Patent No. 11,260,199 (the "'199 Patent") and U.S. Patent No. 11,806,480 (the "'480 Patent") (collectively, the "Asserted Patents").

16.     On March 1, 2022, the USPTO issued the '199 Patent, titled "Layered Yarn and Weighted Blanket for Deep Pressure Therapy."  A copy of the '199 Patent is attached hereto as Exhibit A.

17.     Kathrin Hamm is the named inventor of the '199 Patent.

18.     Ms. Hamm assigned her interest in the '199 Patent to Bearaby, Inc.

19.     Bearaby, Inc. has exclusively licensed the rights to make, use, sell, offer for sale, import into the United States, and otherwise practice the '199 Patent to Somnos. Bearaby, Inc. has also granted Somnos the right to exclude others from

making, using, selling or offering to sell, importing into the United States, or otherwise practicing the '199 Patent.

20.    Counterclaim-Plaintiffs have not authorized YNM to make, use, sell or offer to sell, import into the United States, or otherwise practice any invention claimed in the '199 Patent.

21.    On November 7, 2023, the USPTO issued the '480 Patent, titled "Layered Yarn and Weighted Blanket for Deep Pressure Therapy."  A copy of the '480 Patent is attached hereto as Exhibit B.

22.    Kathrin Hamm is the named inventor of the '480 Patent.

23.    Ms. Hamm assigned her interest in the '480 Patent to Bearaby, Inc.

24.    Bearaby, Inc. has exclusively licensed the rights to make, use, sell, offer for sale, import into the United States, and otherwise practice the '480 Patent to Somnos. Bearaby, Inc. has also granted Somnos the right to exclude others from making, using, selling or offering to sell, importing into the United States, or otherwise practicing the '480 Patent.

25.    Counterclaim-Plaintiffs have not authorized YNM to make, use, sell or offer to sell, import into the United States, or otherwise practice any invention claimed in the '480 Patent.

**YNM'S INFRINGEMENT OF THE ASSERTED PATENTS**

26.    YNM is a manufacturer of knitted weighted blankets marketed as providing deep pressure therapy, even weight distribution, and breathability.

27.    YNM manufactures and sells knitted weighted blankets under the "YNM" brand (the "Accused Products") using product names such as "Chenille Knitted Weighted Blanket," "Cooling Knitted Weighted Blanket," "Cotton Knitted Weighted Blanket," "Original Knitted Weighted Blanket," "Tie Dye Weighted Blanket," and "Velvet Knitted Weighted Blanket."

28.    On information and belief, the Accused Products are made using a layered yarn, which features an outer tube made from a variety of materials, including polyester, nylon, chenille, velvet, and/or cotton.

29.    On information and belief, the conduit of the outer tube of the Accused Products is filled with a plurality of spun fibers.

30.    On information and belief, the spun fibers that comprise some or all of the material encompassed within the conduit of the outer tube of the Accused Products are distinct from "polyfill."

31.    As shown by correspondence attached to YNM's Complaint for Declaratory Judgment, YNM has possessed actual and/or constructive notice concerning the Asserted Patents, including notice and knowledge that the Asserted

Patents exist and sufficient information to conclude that the Accused Products infringe multiple claims of the Asserted Patents. *See* ECF No. 1-1, at 70 ("We knew of [the '480 Patent] years ago . . . .").

32.    On information and belief, YNM possesses knowledge that the Accused Products infringe one or more claims of each of the Asserted Patents.

33.    On information and belief, YNM possesses knowledge that by selling and offering to sell the Accused Products to third parties (*i.e.,* its customers and/or those using the Accused Products), YNM thereby induces those third parties to directly infringe one or more claims of the Asserted Patents through their use or sale of the Accused Products.

34.    On information and belief, YNM possesses knowledge that through its marketing and advertising, in connection with the offer for sale and sale of the Accused Products, including without limitation its listings on Amazon.com and/or the Amazon marketplace, YNM's sale of the Accused Products to third parties would result in direct infringement of one or more claims of the Asserted Patents and would constitute induced infringement of one or more claims of the Asserted Patents.  On information and belief, one or more of the third parties has engaged in the underlying act of direct infringement of one or more claims of the Asserted Patents through their use or sale of the Accused Products.

35.    On information and belief, YNM specifically intended for customers of the Accused Products to directly infringe one or more claims of the Asserted Patents through those customers' use or sale of the Accused Products and knew that such acts would constitute infringement of one or more claims of the Asserted Patents.

## COUNT I
## Infringement of the '199 Patent
## (35 USC § 271)

36.    Counterclaim-Plaintiffs repeat and reallege paragraphs 1 through 40 of this Counterclaim as if set forth herein.

37.    The '199 Patent was duly and legally issued on March 1, 2022.

38.    At all times, Counterclaim-Plaintiffs have possessed exclusive rights with respect to the '199 Patent, including the right to exclude YNM from practicing the '199 Patent.

39.    The '199 Patent is valid, enforceable, and currently in full force and effect.

40.    YNM, without permission or license from Counterclaim-Plaintiffs, has unlawfully and wrongfully made, imported, used, sold or offered for sale, and are now making, importing, using, selling or offering for sale, including within this judicial district, the Accused Products, including the knitted weighted blanket

products marketed as "Chenille Knitted Weighted Blanket," "Cooling Knitted Weighted Blanket," "Cotton Knitted Weighted Blanket," "Original Knitted Weighted Blanket," "Tie Dye Weighted Blanket," and "Velvet Knitted Weighted Blanket." Such conduct constitutes direct infringement under 35 U.S.C. § 271.

41.    Exemplary independent claim 1 of the '199 Patent recites the following:

> 1.    A deep pressure therapy blanket, comprising a weighted material, the weighted material comprising:
>
> a length of layered yarn arranged to form loops that are interlooped to form the weighted material, wherein the length of layered yarn comprises:
>
> an outer tube extending longitudinally from a first end to a second end, the outer tube defining a conduit extending longitudinally therethrough from the first end to the second end, and the outer tube arranged to form the loops that are interlooped; and
>
> a fiber material arranged within the conduit of the outer tube longitudinally from the first end to the second end,
>
> wherein the length of layered yarn is sufficiently weighted by the outer tube and the fiber material to effectuate deep pressure therapy to a person when the deep pressure therapy blanket lies over a person's body.

42.    On information and belief, the Accused Products infringe at least claim 1 of the '199 Patent.

43.    The Accused Products are deep pressure therapy blankets comprising a weighted material.

44.     The weighted material constituting the Accused Products comprises a length of layered yarn having loops that are interlooped to form the piece of weighted material, as shown below:



45.     The length of layered yarn in the weighted material of the Accused Product comprises an outer tube extending longitudinally from a first end to a second end, the outer tube defining a conduit extending longitudinally therethrough from the first end to the second end, and the outer tube forming the loops that are interlooped, as shown below:



46.    The weighted material constituting the Accused Products comprises a layered yarn comprising a fiber material arranged within the conduit of the outer tube longitudinally from the first end to the second end, as shown below:



47.    On information and belief, the fiber material arranged within the conduit of the out tube within the Accused Products is comprised of spun fiber.

48.    The weighted material constituting the Accused Products comprises a length of layered yarn that is sufficiently weighted by the outer tube and fiber material to be capable of effectuating deep pressure therapy to a person when the deep pressure therapy blanket lies over a person's body.

49.    The Accused Products are marketed as "weighted blankets" that can apply between 10 and 25 pounds of pressure when the Accused Products lie over a person's body.

50.    YNM claims that the Accused Products are capable of effectuating deep pressure therapy when used.

51.    For example, YNM's marketing materials tout the ability of the Accused Products to "Calm Your Body," as shown below:



YNM, "YNM Knitted Weighted Blanket" (May 19, 2021), *available at* https://www.youtube.com/watch?v=_WyCeixxQPU (last visited Oct. 1, 2024).

52.    YNM informs consumers, "The weighted blankets perform by offering deep pressure therapy." YNM, "Weighted Blanket Size Guide" (Jul. 11, 2023), *available at* https://ynmhome.com/blogs/news/weighted-blanket-size-weight-guide (last visited Oct. 17, 2024).

53.    YNM also markets the Accused Products as capable of providing "deep pressure touch" that "releases a hormone called oxytocin in the brain" and "release[s] relaxation-inducing hormones for more profound, better sleep." YNM, "Best Knitted Blankets From YNM (Jul. 5, 2023), *available at* https://ynmhome.com/blogs/news/best-knitted-weighted-blankets-from-ynm (last visited Oct. 17, 2024).

54.    On information and belief, YNM has derived, received, and will unless restrained and/or enjoined, derive and receive from the aforesaid infringement of the '199 Patent, substantial gains, profits, and advantages, including gains profits and advantages from regular making and sales of infringing devices within this judicial district, in amounts to be proven at trial. YNM's actions have caused harm to Counterclaim-Plaintiffs, which will not be fully compensable by monetary damages.

55.    In addition, YNM induces consumers to infringe under 35 U.S.C. § 271(b). YNM actively encourages its customers to infringe the '199 patent by selling and marketing the Accused Products to customers as deep pressure therapy blankets. YNM is aware of the '199 patent and knows that its customers' use of the Accused Products would cause infringement.

56.    YNM's infringement has occurred with knowledge of the '199 Patent, about which YNM has acknowledged it has known for years, and has been, and will therefore continue to be, willful and deliberate.

57.    YNM's past infringement has caused damage to Counterclaim-Plaintiff and their future sales will result in additional such damage.

**COUNT II**
**Infringement of the '480 Patent**
**(35 USC § 271)**

58.    Counterclaim-Plaintiffs repeat and reallege paragraphs 1 through 57 of this Counterclaim as if set forth herein.

59.    The '480 Patent was duly and legally issued on November 7, 2023.

60.    At all times, Counterclaim-Plaintiffs have possessed exclusive rights with respect to the '480 Patent, including the right to exclude YNM from practicing the '480 Patent.

61.    The '480 Patent is valid, enforceable, and currently in full force and effect.

62.    YNM, without permission or license from Counterclaim-Plaintiffs, has unlawfully and wrongfully made, imported, used, sold or offered for sale, and are now making, importing, using, selling or offering for sale, including within this judicial district, the Accused Products, including the knitted weighted blanket

products marketed as "Chenille Knitted Weighted Blanket," "Cooling Knitted Weighted Blanket," "Cotton Knitted Weighted Blanket," "Original Knitted Weighted Blanket," "Tie Dye Weighted Blanket," and "Velvet Knitted Weighted Blanket." Such conduct constitutes direct infringement under 35 U.S.C. § 271.

63.     Exemplary independent claim 1 of the '480 Patent recites the following:

> 1.     A blanket weighted to effectuate deep pressure therapy to an individual when the blanket lies over the individual, the blanket formed of a single layer of interlooped yarn, wherein the yarn comprises:
>
>> an outer tube extending longitudinally from a first end to a second end, wherein the outer tube is formed of a sheet of fabric and defines a conduit extending longitudinally through the outer tube, wherein the conduit comprises a volume; and
>
>> a filling arranged within the conduit of the outer tube;
>
> wherein the blanket has a weight of between 5 pounds and 45 pounds, inclusive.

64.     On information and belief, the Accused Products infringe at least claim 1 of the '480 Patent.

65.     The Accused Products are blankets weighted to effectuate deep pressure therapy to an individual when the blanket lies over the individual.

66.    The Accused Products are marketed as "weighted blankets" that can apply between 10 and 25 pounds of pressure when the Accused Products lie over a person's body.

67.    YNM claims that the Accused Products effectuate deep pressure therapy when used.

68.    For example, YNM's marketing materials tout the ability of the Accused Products to "Calm Your Body," as shown below:



YNM, "YNM Knitted Weighted Blanket" (May 19, 2021), *available at* https://www.youtube.com/watch?v=_WyCeixxQPU (last visited Oct. 17, 2024).

69.    YNM informs consumers, "The weighted blankets perform by offering deep pressure therapy." YNM, "Weighted Blanket Size Guide" (Jul. 11,

2023), *available at* https://ynmhome.com/blogs/news/weighted-blanket-size-weight-guide (last visited Oct. 17, 2024).

70.    YNM also markets the Accused Products as capable of providing "deep pressure touch" that "releases a hormone called oxytocin in the brain" and "release[s] relaxation-inducing hormones for more profound, better sleep." YNM, "Best Knitted Blankets From YNM (Jul. 5, 2023), *available at* https://ynmhome.com/blogs/news/best-knitted-weighted-blankets-from-ynm (last visited Oct. 17, 2024).

71.    The Accused Products are blankets formed of a single layer of interlooped yarn.

72.    The Accused Products are blankets formed of a single layer of interlooped yarn, where the yarn comprises an outer tube extending longitudinally from a first end to a second end, wherein the outer tube is formed of a sheet of fabric and defines a conduit extending longitudinally through the outer tube, wherein the conduit comprises a volume, as shown below:



73.    The Accused Products are blankets formed of a single layer of interlooped yarn, where the yarn comprises a filling arranged within the conduit of the outer tube, as shown above.

74.    The Accused Products have weights between 5 pounds and 45 pounds, inclusive.

75.    On information and belief, YNM has derived, received, and will unless restrained and/or enjoined, derive and receive from the aforesaid

infringement of the '480 Patent, substantial gains, profits, and advantages, including gains profits and advantages from regular making and sales of infringing devices within this judicial district, in amounts to be proven at trial. YNM's actions have caused harm to Counterclaim-Plaintiffs, which will not be fully compensable by monetary damages.

76.    In addition, YNM induces consumers to infringe under 35 U.S.C. § 271(b). YNM actively encourages its customers to infringe the '480 patent by selling and marketing the Accused Products to customers as deep pressure therapy blankets. YNM is aware of the '480 patent and knows that its customers' use of the Accused Products would cause infringement.

77.    YNM's infringement has occurred with knowledge of the '480 Patent, about which YNM has acknowledged it has known for years, and has been, and will therefore continue to be, willful and deliberate.

78.    YNM's past infringement has caused damage to Counterclaim-Plaintiff and their future sales will result in additional such damage.

## PRAYER FOR RELIEF

WHEREFORE Counterclaim-Plaintiffs Bearaby Inc. and Somnos LLC request the following relief:

A.      That judgment be entered in favor of Counterclaim-Plaintiffs and against Counterclaim-Defendant Hangszhou Qianmai Electronic Commerce Co., Ltd. d/b/a YNM on Counterclaims I-II;

B.      That judgment be entered that YNM's infringement has been willful;

C.      That YNM and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, importing or causing to be imported, or using or causing to be used any product in accordance with or embodying any invention(s) set forth and claimed in the Asserted Patents;

D.      That, in addition, YNM be ordered to pay to Counterclaim-Plaintiffs, pursuant to 35 U.S.C. § 284, such damages as have been sustained by Counterclaim-Plaintiffs as a result of said infringement by YNM up to the time of trial, but in no event less than a reasonable royalty for the use made of the inventions of the Asserted Patents by YNM, as well as treble damages for willful infringement under 35 U.S.C. § 284, together with interest and costs;

E.      That Counterclaim-Plaintiffs recover their reasonable attorneys' fees based upon a finding that the case is exceptional under 35 U.S.C. § 285;

F.     A judgment and order requiring YNM to pay Counterclaim-Plaintiffs'

attorney's fees and costs of this action; and

G.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Counterclaim-Plaintiffs request a jury trial on all issues so triable.


Dated:  October 17, 2024                Respectfully submitted,

                                        /s/ Richard C. Weinblatt
                                        Richard C. Weinblatt (No. 5080)
                                        Stamatios Stamoulis (No. 4606)
                                        STAMOULIS & WEINBLATT LLC
                                        800 N. West Street, Third Floor
                                        Wilmington, DE 19801
                                        T: (302) 999-1540
                                        E: weinblatt@swdelaw.com
                                        E: stamoulis@swdelaw.com

                                        Jeffrey D. Harty (admitted *pro hac vice*)
                                        Lynn C. Herndon (admitted *pro hac vice*)
                                        Matthew A. McGuire (admitted *pro hac vice*)
                                        NYEMASTER GOODE, P.C.
                                        700 Walnut Street, Suite 1300
                                        Des Moines, Iowa 50309
                                        T: (515) 283-3100
                                        F: (515) 283-3108
                                        E: jharty@nyemaster.com
                                        E: lherndon@nyemaster.com
                                        E: mmcguire@nyemaster.com

                                        **ATTORNEYS FOR DEFENDANTS**