# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANGZHOU QIANMAI ELECTRONIC COMMERCE CO., LTD. d/b/a YNM,<br><br>Plaintiff,<br><br>v.<br><br>BEARABY INC. and SOMNOS, LLC d/b/a BEARABY, LLC,<br><br>Defendants. | Civil Action No.: 24-958-CFC<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

Dated: October 31, 2024

                                                                 James Hopenfeld (*Pro Hac Vice*)
                                                                  Yesul Pae (*Pro Hac Vice*)
                                                                   SINGER LLP
                                                                  505 Montgomery Street, Suite 1100
                                                                  San Francisco, CA 94111
                                                                  Tel.: (415) 500-6080

                                                                  Stephen B. Brauerman (#4952)
                                                                  Ronald P. Golden III (#6254)
                                                                  BAYARD, P.A.
                                                                  600 North King Street, Suite 400
                                                                  Wilmington, DE 19801
                                                                  Tel.: (302) 655-5000

                                                                  *Attorneys for Plaintiff Hangzhou*
                                                                  *Qianmai Electronic Commerce Co.,*
                                                                  *Ltd. d/b/a YNM*

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE CASE ........................................................1

II. SUMMARY OF THE ARGUMENT ...............................................................1

III. INTRODUCTION AND BACKGROUND ....................................................1

IV. DISCUSSION ..................................................................................................4

    A. Bearaby affirmatively acted to put YNM at risk with respect to all three related patents-in-suit ...........................................................................5

    B. Bearaby declined to remove the '708 Patent from this case by declining YNM's offer to accept a covenant not to sue.......................................13

V. CONCLUSION...............................................................................................15

# **TABLE OF AUTHORITIES**

CASES

*ABB Inc. v. Cooper Indus., LLC*,
  635 F.3d 1345 (Fed. Cir. 2011) ..................................................................................3

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 (1937) ....................................................................................................3

*Albecker v. Contour Prod., Inc.*,
  No. 09 C 00631, 2013 WL 5423843 (N.D. Ill. Sept. 27, 2013) ...........................6

*Arkema Inc. v. Honeywell, Int'l, Inc.*,
  706 F.3d 1351 (Fed. Cir. 2013) ..............................................................................5, 7

*Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*,
  No. CIV. 08-832-GPM, 2009 WL 2431993 (S.D. Ill. July 31, 2009) ..................6

*Bearaby Inc. v. Silk & Snow Inc.*,
  No. 1:22-cv-03304-PAE (S.D.N.Y. 2022) ............................................................5

*D2L Ltd. v. Blackboard, Inc.*,
  671 F. Supp. 2d 768 (D. Md. 2009) .......................................................................8

*Dror v. Kenu, Inc.*,
  No. 19-CV-03043-LB, 2019 WL 5684520 (N.D. Cal. Nov. 1, 2019) ..................4

*GoDaddy.com LLC v. RPost Commc'ns, Ltd.*,
  No. CV-14-00126-PHX-JAT, 2014 WL 6908520 (D. Ariz. Dec. 9, 2014)..........6

*Knowles Elecs., LLC v. Analog Devices, Inc.*,
  No. 11 C 6804, 2012 WL 1405735 (N.D. Ill. Apr. 23, 2012) ...............................8

*Kopp Dev., Inc. v. Metrasens, Inc.*,
  No. 1:21-CV-01216-PAB, 2022 WL 614776 (N.D. Ohio Feb. 28, 2022)............6

*Kramer America, Inc. v. Macneil IP, LLC*,
  No. 6:11-CV-1489-ORL-31, 2012 WL 366945 (M.D. Fla. Feb. 3, 2012) ...........4

*Medimmune v Genentech*,
  549 U.S. 118 (2007) ...................................................................................................3

*Microsoft Corp. v. Synkloud Techs., LLC*,
  484 F. Supp. 3d 171 (D. Del. 2020) ......................................................................6

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) ...............................................................................5

*ResMed Corp. v. Cleveland Med. Devices, Inc.*,
  No. 23-CV-500 TWR (JLB), 2023 WL 5418763 (S.D. Cal. Aug. 22, 2023).......4

*Sandisk Corporation v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ................................................................................3, 5

*Seaboard Int'l, Inc. v. Cameron Int'l Corp.*,
   No. 1:13-CV-00281-MLH-SKO, 2013 WL 3936889 (E.D. Cal. July 30, 2013) ..5

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995) ...............................................................................7

*Tesco Corp. v. Weatherford International, Inc.*,
   No. CIV.A. H-08-2531, 2009 WL 497134 (S.D. Tex. Feb. 26, 2009) ..................4

*Twitter, Inc. v. VoIP-Pal.com, Inc.*,
   2020 WL 7342733 (N.D. Cal. Dec. 14, 2020) ......................................................5

*W.L. Gore & Assocs., Inc. v AGA Med. Corp.*,
   No. CIV. 11-539 JBS-KMW, 2012 WL 924978 (D. Del. Mar. 19, 2012) ............6

*WS Packaging Grp., Inc. v. Glob. Com. Grp., L.L.C.*,
   No. 06-C-674, 2006 WL 8440874 (E.D. Wis. Oct. 23, 2006) ...............................7

**I.     NATURE AND STAGE OF THE CASE**

Declaratory Judgment Plaintiff Hangzhou Qianmai Electronic Commerce Co., LTD. d/b/a YNM (hereinafter "YNM") submits, pursuant to Fed. R. Civ. P. 12(b)(1) and L.R. 7, this Opposition to Defendants' Partial Motion to Dismiss (D.I. 19 and 20) submitted by Bearaby Inc. and Somnos, LLC d/b/a Bearaby, LLC (collectively "Bearaby").  The Declaration of James E. Hopenfeld ("Hopenfeld Decl.") is submitted with this Opposition.

**II.    SUMMARY OF THE ARGUMENT**

1.     By initiating enforcement actions at Amazon.com on one of three patents in the same family, and simultaneously identifying in correspondence with Plaintiff YNM the two other patents in the same family that they had previously asserted in litigation against another competitor, Defendants created a justiciable controversy with respect to all three patents in the family, including the patent Defendants now seek to dismiss from this case.

2.     Defendants' refusal to agree to an appropriate covenant not to sue regarding the patent it now seeks to dismiss confirms the existence of a case or controversy with respect to that patent.

**III.   INTRODUCTION AND BACKGROUND**

Plaintiff YNM and Defendants Bearaby are competitors in the market for home goods, in particular weighted blankets sold on websites such as

Amazon.com. YNM seeks in this case a declaratory judgment of non-infringement of three patents purported to be owned by Bearaby, U.S. Patent Nos. 10,835,708 (the "'708 Patent"); 11,260,199 (the "'199 Patent") and 11,806,480 (the "'480 Patent").[1] All three patents derive from the same original patent application, share substantially the same patent specification, and include claims of similar scope.

YNM filed this declaratory judgment action after receiving notice from Amazon that some of its weighted blanket products were being removed from the Amazon.com website because Bearaby had accused the blankets of infringing the '480 Patent. (D.I. 1 ¶ 7). In separate correspondence, Bearaby informed YNM of its ownership of the related '708 and '199 Patents. (D.I. 1 ¶¶ 8-9). Bearaby then submitted additional notices of infringement of the '480 Patent to Amazon. (D.I. 1 ¶¶ 10, 15). After YNM informed Bearaby that YNM's blankets do not infringe the '480 Patent, Bearaby invoked Amazon's marketplace patent enforcement mechanism. (D.I. 1 ¶¶ 14-16). This suit followed, and Amazon.com permitted YNM to resume sales. (D.I. 1 ¶ 13).

Defendants now seek to dismiss from the case one of the patents-in-suit, the '708 Patent, on the grounds that this Court lacks subject matter jurisdiction over

---

[1] On August 27, 2024, the United States Patent Office instituted an *ex parte* Reexamination proceeding with respect to the claims of the '480 Patent. On October 29, 2024, the Examiner in that Reexamination issued a non-final rejection of all of the claims of the '480 Patent as invalid over the prior art. (Hopenfeld Decl. ¶¶ 2, 3).

2

that patent. Defendants contend that there is no "case or controversy" with respect to the '708 Patent because Defendants did not explicitly accuse YNM of infringing it.

The Court should deny Defendants' motion to dismiss because there is a case or controversy with respect to all three of the patents-in-suit, including the '708 Patent.

By explicitly asserting that YNM infringes the '480 Patent, while simultaneously informing YNM that it also owns the related and similar '708 and '199 patents, each of which Bearaby had asserted in litigation against another competitor, Bearaby raised the implicit threat that all three of the patents could be asserted against YNM at some unspecified time in the future and created immediate risk for YNM. Bearaby now asserts infringement of the '199 Patent in its Counterclaims (D.I. 21), despite not explicitly alleging infringement of that patent to Amazon.

Defendants could have mooted the case or controversy it created over the '708 Patent by providing an appropriate "covenant not to sue" under that patent. Alternatively, it could have simply admitted that YNM's weighted blankets do not infringe any claim of that patent. Bearaby did neither.

In fact, after Defendants filed this Partial Motion to Dismiss, counsel for YNM wrote Defendants' counsel, offering to drop the '708 Patent from this case if

3

Defendants would provide a covenant not to sue under that patent. Defendants' counsel declined to provide such a covenant, thereby confirming that the case or controversy over the '708 Patent would remain. (Hopenfeld Decl. ¶ 4).

By denying Defendants' Partial Motion to Dismiss, this Court can ensure that all the disputes regarding the Bearaby patents are resolved in a single proceeding. Absent a covenant not to sue or admission of non-infringement, dismissing the '708 Patent from this case would serve only to raise the specter of multiple litigations and to reward tactics that maximize uncertainty.

## IV.  DISCUSSION

A case or controversy under Article III of the U.S. Constitution and the Declaratory Judgment Act exists when there is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune v. Genentech, Inc.,* 549 U.S. 118, 126 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). The dispute must be "real and substantial" and "admit of specific relief through a decree of a conclusive character." *Id.*

Although some affirmative act by the patentee is required to create a case or controversy, it need not be an explicit threat of suit. *See ABB Inc. v. Cooper Indus., LLC,* 635 F.3d 1345, 1348 (Fed. Cir. 2011) ("[A] specific threat of infringement litigation by the patentee is not required to establish [subject matter]

jurisdiction, and a declaratory judgment action cannot be defeated simply by the stratagem of a correspondence that avoids magic words such as 'litigation' or 'infringement.'") (Internal quotations omitted). The patentee can create a case or controversy merely by "tak[ing] a position that puts the declaratory judgment plaintiff in the position of pursuing arguably illegal behavior or abandoning that which [it] claims a right to do." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

### A. <u>Bearaby affirmatively acted to put YNM at risk with respect to all three related patents-in-suit</u>

The dispute in this case is real and substantial. Bearaby did not merely inform YNM that it had patents that allegedly cover its competing products. It took affirmative action by accusing several YNM products of infringing the '480 Patent while simultaneously identifying the related '708 and '199 Patents that it had previously asserted in litigation against another competitor.

By identifying the '708 and '199 Patents while invoking Amazon's dispute resolution procedures for the '480 Patent, Bearaby introduced all three related patents into the parties' dispute. Courts have consistently held that the assertion of a patent either in correspondence or previous litigation creates a case or controversy with respect to related patents, even if the related patents were not expressly asserted prior to suit. *E.g., ResMed Corp. v. Cleveland Med. Devices, Inc.,* No. 23-CV-500 TWR (JLB), 2023 WL 5418763, at *3 (S.D. Cal. Aug. 22,

5

2023) (finding that the "relatedness of the [] patents is further demonstrated by the fact that both are continuations stemming from the same patent application, list the same named inventors, [and] share similar figures and specifications" and "[t]he relatedness of the patents supports the existence of an actual controversy"); *Dror v. Kenu, Inc.*, No. 19-CV-03043-LB, 2019 WL 5684520, at *9 (N.D. Cal. Nov. 1, 2019) (declaratory judgment jurisdiction established regarding patents that were "continuations of" other specific patents on which patentee threatened to sue declaratory judgment plaintiff, when the patents "include[d] the same specifications and similar claim elements."); *Tesco Corp. v. Weatherford Int'l., Inc.*, No. CIV.A. H-08-2531, 2009 WL 497134 (S.D. Tex. Feb. 26, 2009) (finding that a "case or controversy" existed with respect to an unasserted but related patent even where the patentee had offered a limited covenant not to sue on the unasserted, related patent); *Kramer America, Inc. v. Macneil IP, LLC*, No. 6:11-CV-1489-ORL-31, 2012 WL 366945, at *3 (M.D. Fla. Feb. 3, 2012) (finding subject matter jurisdiction where the patentee identified a patent in correspondence with the accused infringer but made no direct accusation of infringement).

 Had YNM sought declaratory relief only for the '480 Patent, it would have been left with the burden of uncertainty with respect to the remaining two related patents. Bearaby imposed on YNM exactly the dilemma articulated in *SanDisk*:

YNM could continue to sell its products under a veiled threat of infringement of the related patents, or it could cease selling altogether.

Bearaby's earlier assertion of the '708 and '199 Patents in another lawsuit against another competitor in the weighted blanket market only reinforced that threat. *Bearaby Inc. v. Silk & Snow Inc.*, No. 1:22-cv-03304-PAE (S.D.N.Y. 2022); *see also* (Hopenfeld Decl. ¶¶ 5-7); *see, e.g.*, *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008) (finding that prior litigious conduct is a circumstance to be weighed in considering whether there is a case or controversy); *Arkema Inc. v. Honeywell, Int'l, Inc.,* 706 F.3d 1351, 1358 (Fed. Cir. 2013) ("Here, [patentee] has accused [declaratory judgment plaintiff] of infringing its rights with respect to [product] in litigation over the closely related [patent]. This creates a sufficient affirmative act on the part of the patentee for declaratory judgment purposes."); *Seaboard Int'l, Inc. v. Cameron Int'l Corp.*, No. 1:13-CV-00281-MLH-SKO, 2013 WL 3936889, at *9 (E.D. Cal. July 30, 2013) (holding that where all patents were part of the same family and contained nearly identical claims, "[patentees'] assertions of the closely related [] patents against [declaratory judgment plaintiff] through patent infringement lawsuits are 'sufficient affirmative acts for declaratory judgment purposes' with respect to the [declaratory judgment] patents") (internal brackets omitted); *Twitter, Inc. v. VoIP-Pal.com, Inc.,* No. 20-CV-02397-LHK, 2020 WL 7342733, at *7 (N.D. Cal. Dec. 14, 2020) (finding

patentee's sufficient "affirmative act" for subject matter jurisdiction on a patent based on patentee's prior litigation against other competitors "for infringement of [related] patents that share a common specification, title, parent application, inventors, and owner").

Bearaby cites a number of cases in which a court denied subject matter jurisdiction, but none is factually similar. None include the combination of a pre-suit allegation of infringement of one patent in a related family of three, coupled with identification of the remaining two patents in pre-suit correspondence, where the two remaining patents had been previously asserted by the patentee in litigation with another competitor.

Each case cited by Bearaby is accordingly distinguishable. In *Albecker v. Contour Prod., Inc.*, No. 09 C 00631, 2013 WL 5423843 (N.D. Ill. Sept. 27, 2013), a court found no case or controversy exists where a patentee sued defendant for patent infringement on its own patent and also sought a declaratory judgment of invalidity on a patent owned by defendants that had not been previously asserted, the defendant's patent having a filing date of 8 years later than the patent asserted by plaintiff. In *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, No. CIV. 08-832-GPM, 2009 WL 2431993 (S.D. Ill. July 31, 2009) no case or controversy existed where patents subject to declaratory judgment claim were the subject of a stipulated dismissal in earlier litigation between the parties. In *Kopp Dev., Inc. v.*

8

*Metrasens, Inc.*, No. 1:21-CV-01216-PAB, 2022 WL 614776 (N.D. Ohio Feb. 28, 2022), a case or controversy was not found to exist where there had been no identification of a specific patent infringed upon. In *GoDaddy.com LLC v. RPost Commc'ns, Ltd.*, No. CV-14-00126-PHX-JAT, 2014 WL 6908520 (D. Ariz. Dec. 9, 2014), a case or controversy did not lie over a patent that had been included in a list of "numerous" other patents and for which there was no identified accused product. In *Microsoft Corp. v. Synkloud Techs., LLC*, 484 F. Supp. 3d 171 (D. Del. 2020), a Court in this District found no case or controversy exists where the parties to suit had no pre-suit communications regarding the subject patents, and where the declaratory judgment plaintiff based its claim of a case or controversy on a putative indemnification relationship with a non-party that had been accused of infringement and on litigation involving other non-parties. Finally, in *W.L. Gore & Assocs., Inc. v AGA Med. Corp.*, No. CIV. 11-539 JBS-KMW, 2012 WL 924978 (D. Del. Mar. 19, 2012), a Court in this District found no case or controversy exists over a patent that was not subject to pre-suit communications between the parties and was merely directed to "similar technology" as another asserted patent, had never been asserted in litigation, and had been marked on defendants' products along with the asserted patent.

      Bearaby does not appear to dispute that the three patents-in-suit derive from the same application (the '199 and '480 Patents issued from continuation

9

applications of the application underlying the '708 Patent) and share substantially the same specification. It does argue, however, that the claims of the patents "have different scope." (D.I. 20, at 9.) YNM disagrees that the scope of the patent claims in the three patents differ in any meaningful way, but that is an issue for claim construction. The claims certainly address similar subject matter. Whatever the scope of the Bearaby patent claims, YNM should be afforded an opportunity to establish its right to operate free and clear of them.

> **B.** **Bearaby declined to remove the '708 Patent from this case by declining YNM's offer to accept a covenant not to sue**

A patentee can divest a court of jurisdiction over a patent in dispute by executing a timely covenant not to sue under that patent. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). A covenant not to sue will not deprive the court of subject matter jurisdiction, unless the covenant is sufficiently comprehensive to eliminate all possible disputes under the patent, including future disputes. *See, e.g. WS Packaging Grp., Inc. v. Glob. Com. Grp., L.L.C.*, No. 06-C-674, 2006 WL 8440874 (E.D. Wis. Oct. 23, 2006).

A patentee's refusal to provide a covenant not to sue weighs against dismissal for lack of subject matter jurisdiction, especially when coupled with affirmative acts by the patentee. *Arkema Inc.*, 706 F.3d 1352 at 1358; *GoDaddy.com*, 2014 WL 6908520 at *7-8. Declaratory judgment jurisdiction also may exist over a patent dispute where a patentee refuses to withdraw its claims

10

with prejudice or to submit to a judgment of noninfringement. *See, e.g.*, *Knowles Elecs., LLC v. Analog Devices, Inc.*, No. 11 C 6804, 2012 WL 1405735, at *3 (N.D. Ill. Apr. 23, 2012) (finding jurisdiction where patentee refuses to dismiss infringement claims with prejudice); *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 777 (D. Md. 2009) (finding jurisdiction where patentee refused to enter standstill agreement regarding subject patents).

As set forth above, after Bearaby filed this motion to dismiss, YNM offered to dismiss the '708 Patent from this case if Bearaby would agree to execute a covenant not to sue under that patent. Bearaby declined. (Hopenfeld Decl. ¶ 4). Having declined to execute a covenant not to sue or otherwise eliminate the possibility of suit under the '708 Patent, Bearaby cannot reasonably argue that no dispute over that patent exists. If indeed there had been no real and concrete dispute, Bearaby had no basis to refuse an appropriate covenant. Bearaby had a fair opportunity to moot this dispute, but chose not to do so.

## V.     CONCLUSION

For the foregoing reasons, declaratory judgment plaintiff YNM requests that this Court find that there is a case or controversy involving the '708 Patent and accordingly DENY Defendants' Partial Motion to Dismiss.

| | |
|---|---|
| Date: October 31, 2024 | BAYARD, P.A. |
| OF COUNSEL:<br>James Hopenfeld (*Pro Hac Vice*)<br>Yesul Pae (*Pro Hac Vice*)<br>Singer LLP<br>505 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>Tel.: (415) 500-6080<br>jhopenfeld@singerip.com<br>ypae@singerip.com | */s/ Stephen B. Brauerman*<br>Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE 19801<br>Tel.: (302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com |

*Attorneys for Plaintiff Hangzhou Qianmai Electronic Commerce Co., Ltd. d/b/a YNM*

# **CERTIFICATION OF COMPLIANCE**

I certify that this Brief complies with the page and word-count provisions set forth in Local Rule 7.1.3(4). Total word count is 2,500.

I also certify that this Brief has been prepared in 14-point Times New Roman typeface and complies with Chief Judge Colm F. Connolly's Standing Order Regarding Briefing in All Cases.

                                            */s/   Stephen B. Brauerman*
                                            Stephen B. Brauerman (#4952)